RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
MADELINE S. LAL
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Madeline_Lal@fd.org

Attorney for Clyde Edward Austin

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00126-JCM-BNW |
|---|---|
| Plaintiff, | **STIPULATION TO MODIFY SUPERVISED RELEASE CONDITIONS** |
| v. | |
| CLYDE EDWARD AUSTIN, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Daniel Schiess, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Madeline S. Lal, Assistant Federal Public Defender, counsel for the defendant Clyde Edward Austin, that as explained below, the parties recommend the amendment of Mr. Austin's home confinement special condition of supervision to allow him to leave his residence to obtain employment and work. This Court should therefore grant this stipulation and amend the special conditions of supervised release to allow Mr. Austin to travel to seek and obtain gainful employment.

The Court has authority to modify an individual's probation or supervised release term at any time prior to the expiration or termination of the term of supervised release, after

considering a subset of the 18 U.S.C. § 3553(a) sentencing factors.[1] 18 U.S.C. § 3583(e)(2). Probation conditions should be subject to modification because the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation.[2]

A court can modify a term of supervised release without a hearing if "the relief to be granted to the person on probation or supervised release upon the person's request or the court's own motion is favorable to the person, and the attorney for the government after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected." Fed. R. Crim. P. 32.1(c).

The Stipulation is entered into for the following reasons:

1. On July 22, 2022, Clyde Edward Austin pleaded guilty to distributing a controlled substance. ECF No. 10. This Court sentenced Mr. Austin to 10 months total with five months in-custody followed by 150 days of home incarceration with location monitoring at the discretion of the probation officer, and three years of supervised release. ECF No. 27. Mr. Austin was released from Bureau of Prisons ("BOP") custody on November 20, 2023.

2. Mr. Austin's special conditions of supervision specify that Mr. Austin is "restricted to [his] residence at all times except for medical necessities and court appearances or other activities specifically approved by the court (Home Incarceration)." ECF No. 27 at 5. Under this condition, Mr. Austin cannot leave his home to work.

---

[1] 18 U.S.C. § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant); (a)(2)(B-D) (the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner); (a)(4-7) (the kinds of sentence and the sentencing range established, any pertinent policy statement, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims of the offense); United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002) (considering factors in § 3583(e) (supervised release statute) for early termination of probation)).

[2] See generally American Bar Ass'n, Standards Relating to Probation §3.3 (Approved Draft, 1970).

3.      This Court ordered Mr. Austin to pay $68,579 in restitution and to pay for his ankle monitoring in consideration of his ability to pay. Probation informed Mr. Austin, who is now serving his 150-day term of home incarceration, that he will likely have to pay $100–125 per month for his ankle monitor.

4.      Mr. Austin's wife has stage 4 breast cancer and is unable to maintain employment. Mr. Austin's employment is imperative to support his family and fulfill his court-ordered financial obligations.

5.      U.S. Probation Officer Javier Muruato has been consulted and defers to the Court.

6.      Defense counsel, government counsel, and Mr. Austin agree that the modification of his home confinement special condition of supervision to allow Mr. Austin to seek and obtain gainful employment is appropriate at this time.

DATED: January 12, 2024.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
|   /s/ Madeline S. Lal<br>By_____<br>MADELINE S. LAL<br>Assistant Federal Public Defender |   /s/ Daniel Schiess<br>By_____<br>DANIEL SCHIESS<br>Assistant United States Attorney |

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CLYDE EDWARD AUSTIN,<br><br>        Defendant. | Case No. 2:22-cr-00126-JCM-BNW<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER** |

## FINDINGS OF FACT

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. On July 22, 2022, Clyde Edward Austin pleaded guilty to distributing a controlled substance. ECF No. 10. This Court sentenced Mr. Austin to 10 months total with five months in-custody followed by 150 days of home incarceration with location monitoring at the discretion of the probation officer, and three years of supervised release. ECF No. 27. Mr. Austin was released from Bureau of Prisons ("BOP") custody on November 20, 2023.

2. Mr. Austin's special conditions of supervision specify that Mr. Austin is "restricted to [his] residence at all times except for medical necessities and court appearances or other activities specifically approved by the court (Home Incarceration)." ECF No. 27 at 5. Under this condition, Mr. Austin cannot leave his home to work.

3. This Court ordered Mr. Austin to pay $68,579 in restitution and to pay for his ankle monitoring in consideration of his ability to pay. Probation informed Mr. Austin, who is now serving his 150-day term of home incarceration, that he will likely have to pay $100–125 per month for his ankle monitor.

4. Mr. Austin's wife has stage 4 breast cancer and is unable to maintain employment. Mr. Austin's employment is imperative to support his family and fulfill his court-ordered financial obligations.

5. U.S. Probation Officer Javier Muruato has been consulted and defers to the Court.

6. Defense counsel, government counsel, and Mr. Austin agree that the modification of his home confinement special condition of supervision to allow Mr. Austin to seek and obtain gainful employment is appropriate at this time.

### CONCLUSIONS OF LAW

After considering a subset of the 18 U.S.C. § 3553(a) sentencing factors and Fed. R. Crim. P. 32.1(c), this Court finds that, due to his changed circumstances, Mr. Austin's conditions should be modified to allow him to seek employment and work thereafter while on home confinement.

### ORDER

Having considered the parties stipulation, and good cause being found;

IT IS THEREFORE ORDERED that Mr. Austin's term of supervised release is modified to allow Mr. Austin to seek employment and work thereafter while on home confinement.

DATED January 16, 2024.

                                            HONORABLE JAMES C. MAHAN
                                            UNITED STATES DISTRICT JUDGE